Drake, Oh. J.,
delivered the opinion of the court :
D. Shanahan, an Indian agent of the Government, purchased of one C. C. O’Keefe a thrashing-machine for $800 for the farm-service of his agency.
At the time of the purchase O’Keefe admitted a present indebtedness then existing from himself to the claimant, the amount of which does not appear, and in the presence of the claimant directed Shanahan to pay the pm’chase-money to him.
After delivery of the machine by O’Keefe, the agent issued the voucher annexed to the petition, and which is as follows:

“The United States to T. Johnston, Hr.

“1873.
“Octo. 20. For one threshing-machine, complete, furnished for the farm-service of the Flathead Indian agency ..$800 00
“I certify, on honor, that the above account is correct and just; that the threshing-machine was actually furnished as stated; that the exigencies of the sendee did not admij; of the *223 delay incident to advertising; tbat it was purchased at tbe lowest attainable rate; tbat no part of tbis account bas been paid, and tbat there is due to T. Johnson tbe sum of eight hundred dollars ($800).
“D. SHANAHAN,

UU. S. Indian Agent.

Before payment of tbis voucher, O’Keefe revoked tbe direction to pay tbe claimant, and tbe purchase-money bas not been paid to any one.
Tbe single question arising on tbe case as thus presented is, whether tbe claimant bas a legal cause of action upon a u contract, expressed or implied, with tbe Government of tbe United States.”
Tbe claimant’s petition avers tbat he sold and delivered tbe thrashing-machine to tbe Indian agent and received therefor tbe voucher, and tbat tbe Indian agent promised on behalf of tbe United States tbat tbe United States would pay tbe claimant for tbe machine tbe sum of $800.
Were tbe case of tbat character, there would not probably have been any occasion for tbis suit, for tbe voucher would doubtless have been long ago paid at tbe Treasury; but tbe fact as found is, tbat tbe claimant did not sell tbe machine to tbe Indian agent, but it was sold to tbe agent by O’Keefe, who directed tbe agent to pay tbe purchase-money to tbe claimant, to whom tbe voucher was issued.
A voucher issued by an officer of tbe Government is only prima-facie evidence of tbe Government’s indebtedness, which may be rebutted by proof tbat it was issued without an actual indebtedness to sustain it. It is an official misconduct in any officer to issue a voucher of tbe Government’s indebtedness to any other than tbe party whose property was purchased or whose services were rendered for tbe Government. There can, therefore, be no recovery here under tbe voucher, for it was falsely issued to one who bad not sold tbe machine, and between whom and tbe Government there was, therefore, no contract of sale.
■ It is contended, however, tbat O’Keefe’s direction to tbe agent to pay tbe money to tbe claimant authorizes tbe latter to recover in tbis action. But there are insuperable objections to tbis view:
*224 1. Supposing tbat tbe agent was officially authorized to act upon such a direction, it was a mere naked authority, which O’Keefe had a right to revoke at any time before payment was actually made, and which he did, in fact, revoke, and so ended the authority.
2. Under no circumstances could the claimant hold the United States, in virtue of that authority, unless the United States, through some legally authorized officer, agreed to pay the money to him. We have looked in vain for any authority in this Indian agent to enter into any such agreement on behalf of the Government. There was, therefore, no agreement.
3. If the claimant has any right whatever to this money, it is only as O’Keefe’s assignee; and since tlie decision of the Supreme Court at its present term, in United States v. Gillis (95 U. S. E., 407), it is settled law that no assignee of a claim against the United States, claiming under an assignment by the act of the Government’s creditor, can sue on the claim in this court.
In no view can this suit be maintained; and the petition is dismissed.